UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

Eastern District of Kentucky
FILED

JUN 0 1 2026

AT LEXINGTON
Robert R. Carr
CLERK U.S. DISTRICT COURT

CRIMINAL ACTION NO. 26-CR-62-KKC-MAS

UNITED STATES OF AMERICA                                    PLAINTIFF

V.                          **PLEA AGREEMENT**

MARK COULTER                                                DEFENDANT

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to the Information, charging a violation of 18 U.S.C. § 2422(b), Online Enticement of a Minor to Engage in Criminal Sexual Conduct. The United States agrees to dismiss the Indictment in case 25-149-KKC at the time of sentencing.

2. The essential elements of 18 U.S.C. § 2422(b) are:

   (a)   The Defendant knowingly;

   (b)   Persuaded, induced, enticed, and coerced;

   (c)   An individual who had not attained the age of 18 years;

   (d)   To engage in sexual activity for which any person can be charged with a criminal offense; and

   (e)   The Defendant used a facility or means of interstate or foreign commerce to do so.

3. As to the offense charged in the Information, the United States could prove the following facts that establish the essential elements of the offenses beyond a reasonable doubt, and the Defendant admits these facts:

(a)  In or around January of 2025, Mark COULTER, age 35, "friended" the victim, age 16, on Facebook. COULTER and the victim began an online "relationship," which consisted of communicating via online messaging platforms, including Snapchat and Facebook. During the course of these conversations, COULTER admits that he knowingly enticed, or attempted to entice, the minor victim to engage in sexual acts with him, to include vaginal sexual intercourse and oral sex.

(b)  In June of 2025, Coulter traveled from his home in Texas to Kentucky to visit family, but also to meet the victim and engage in sexual activity. At least some of the sexual acts were recorded using a cellphone. The sexual acts were in violation of Kentucky law, specifically Rape in the 3rd Degree under KRS § 510.060; Sodomy in the 3rd Degree under KRS § 510.090; and Use of a Minor in a Sexual Performance under KRS § 531.310, given the age of COULTER and the victim. The Defendant admits that this conduct occurred in Mercer County, in the Eastern District of Kentucky, and elsewhere, and involved means and facilities of interstate commerce, including by use of cellphone and the internet.

4. The statutory punishment for the offense is imprisonment for not less than 10 years and not more than life, a fine of not more than $250,000, and a term of supervised release of not less than 5 years and up to life. A special assessment of $100.00 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the entry of the plea. An additional mandatory special assessment of $5,000 applies, pursuant to 18 U.S.C. § 3014, for non-indigent Defendants convicted of certain offenses, including those in chapter 110 (which includes the offenses to which the Defendant is pleading guilty). The Defendant will pay this assessment to the U.S. District Court Clerk after the sentencing hearing, in accordance with the Judgment, if the Court determines the

Defendant is non-indigent and orders such assessment to be paid.

5. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, provided they are not changed by the guidelines in effect at the time of sentencing, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

(a) The United States Sentencing Guidelines (U.S.S.G.) Manual in effect at the time of sentencing will determine the Defendant's guideline range. The November 1, 2025, Manual guideline calculations are listed below.

(b) Pursuant to U.S.S.G. § 2G1.3(c)(1), apply § 2G2.1 because the offense involved causing a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct and the resulting offense level is greater than that under § 2G1.3.

(c) Pursuant to U.S.S.G. § 2G2.1(a), the base offense level is 32.

(d) Pursuant to U.S.S.G. § 2G2.1(b)(2)(A), increase the offense level by 2 levels because the offense involves the commission of a sexual act or sexual contact.

(e) Pursuant to U.S.S.G. § 2G2.1(b)(3), increase the offense level by 2 levels because the Defendant knowingly engaged in distribution.

(f) Pursuant to U.S.S.G. § 2G2.1(b)(6), increase the offense level by 2 levels because the offense involves the use of a computer or interactive computer service to persuade, induce, entice, or coerce a minor to engage in sexually explicit conduct.

(g) Pursuant to U.S.S.G. § 3B1.4, increase the offense level by 2 levels because the defendant used a person under 18 to commit a crime or to assist in avoiding detection/apprehension.

(h) Pursuant to U.S.S.G. 4B1.5, increase the offense level by 5 because the instant offense of conviction is a covered sex crime and the defendant engaged in a pattern of activity involving prohibited sexual conduct.

(i) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another

3

crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

(j) Pursuant to U.S.S.G. ' 5E1.1, restitution will be determined at sentencing or at a separate restitution hearing. The Defendant agrees that all victims he enticed or attempted to entice; and all victims of images he possessed, received, distributed, or produced shall be considered victims for purposes of allocution and restitution, even if those victims are not victims of the counts of conviction.

6. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2.

8. The Defendant waives the right to appeal the guilty plea, conviction, and sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

9. The Defendant understands that, by pleading guilty, he will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). The Defendant also understands that, independent of supervised release, he will be subject to federal and state sex offender registration requirements and that those requirements may apply throughout his life. The Defendant will be required to register with the sex offender registration agency in Kentucky and shall also register with the sex offender registration agency in any state or other jurisdiction where he resides, is employed, or is a student. The Defendant understands that he shall keep his registration

4

current and shall notify the sex offender registration agency or agencies of any changes to his name, place of residence, employment, student status, or other relevant information. The Defendant shall comply with requirements to periodically verify in person his sex offender registration information. The Defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. The Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.

10. The Defendant abandons any interest in, and consents to the official use, destruction, or other disposition of, any item obtained by any law enforcement agency during the course of the investigation, unless an item is specifically provided for in another provision of this Agreement. The Defendant also waives any notice of a proceeding to implement the official use, destruction, or other disposition of any item abandoned under this paragraph.

11. The Defendant agrees to pay restitution to any victim(s) as ordered at sentencing, pursuant to 18 U.S.C. § 3663(a)(3). The Defendant agrees that the restitution amount may include restitution for all losses caused by the Defendant's criminal conduct, even if such losses resulted from crimes not charged, crimes that were not the basis of a count of conviction, or conduct not admitted by Defendant in the factual basis.

12. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading

guilty, the Defendant agrees to complete, sign, and return to the United States Attorney's Office a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. Upon request, the Defendant agrees to provide the United States Attorney's Office with records verifying her financial information or with any releases required to obtain such records, with such releases being valid for a period extending 90 days from the date of sentencing. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. Prior to sentencing, the Defendant agrees to notify the United States Attorney's Office and obtain its consent before transferring, encumbering, or disposing of any interest in property with a value exceeding $1,000.00 owned or controlled directly or indirectly, individually or jointly, by the Defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. The Defendant agrees to notify the United States Attorney's Office of any material changes in his/her economic circumstances, as described in 18 U.S.C. § 3664(k), which occur prior to sentencing, within seven days of the event giving rise to the changed circumstances. If the Defendant fails to comply with any of the

6

provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

13. The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant waives any defense or objection to any action to enforce the collection of financial obligations to be imposed in connection with this prosecution, including, but not limited to, collection procedures authorized by the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001, et seq., 18 U.S.C. § 3664, or 18 U.S.C. § 3613. The Defendant expressly authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court. The Defendant authorizes the

United States Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office.

14. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

15. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

16. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

17. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

JASON D. PARMAN
FIRST ASSISTANT UNITED STATES ATTORNEY

Date: _____     By: _____
Erin M. Roth
Assistant United States Attorney

Date: 6-1-26     _____
Mark Coulter
Defendant

Date: ___6/1/26___

_____
Eric Eaton
Attorney for Defendant